UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILEY ZACHARY CARROLL                                                          PETITIONER

VERSUS                                            CIVIL ACTION NO. 3:24-CV-184-KHJ-RPM

SUPERINTENDENT JOHN HUNT                                                    RESPONDENT

### REPORT AND RECOMMENDATIONS

Before the Court is Respondent Superintendent John Hunt's [12] Motion to Dismiss the federal habeas petition filed by Petitioner Wiley Zachary Carroll ("Carroll"). On April 1, 2024, Carroll filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] Doc. [1]. He then filed an amended petition on May 28, 2024. Doc. [7]. He is currently an inmate at the Central Mississippi Correctional Facility. On May 4, 2021, he was sentenced to five years for felony DUI following a guilty plea. Doc. [1-2]; [7-3]; [12-2]. On February 8, 2023, following a guilty plea, he was sentenced as a habitual offender to 20 years—with 14 years suspended, six years to serve, and five years post-release supervision—for burglary of a dwelling. Doc. [1-3]; [7-4]; [12-5]. Carroll received credit for any time served on the burglary of a dwelling charge, and his sentence for burglary of a dwelling was to run concurrent with his sentence for felony DUI. *Id.*

In his amended petition, Carroll presents just one claim: the Mississippi Department of Corrections ("MDOC") improperly calculated his release date. Doc. [7] at 2–3. He therefore asks this Court to correct this alleged error because, based on his calculation, he should have been released on September 23, 2024. Doc. [7] at 15. Respondent argues Carroll's petition should be

---

[1] "Although the Fifth Circuit has not specifically addressed this issue, the majority view is that § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his or her underlying state court conviction." *Hill v. Loden*, No. 2:23-CV-135, 2024 WL 3958416, at *2 n.3 (S.D. Miss. July 31, 2024) (collecting cases).

dismissed either for failure to state a cognizable claim for federal habeas relief or for failure to exhaust state remedies. Doc. [12] at 3. Respondent also argues Carroll's claim is meritless. *Id.* Carroll filed a response contending that the MDOC "got the math wrong" and illegally added two years to his sentence. Doc. [13] at 3–4.

As an initial matter, the Court notes that Carroll raised a similar issue in a previous petition challenging his five-year sentence for felony DUI. *Carroll v. Mississippi*, Nos. 3:22-CV-73, 3:22-CV-149, 2023 WL 2145517, at *2 (N.D. Miss. Feb. 21, 2023). In that case, Carroll challenged his right to release on parole or probation and alleged that the MDOC improperly calculated his release date. *Id.* The Court dismissed Carroll's petition, finding that Carroll failed to exhaust his state remedies and failed to state a claim for habeas relief. *Id.* at *7. The undersigned recommends the same here.

To the extent Carroll challenges his right to early release on parole, he fails to state a claim for habeas relief. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "A petition for federal habeas corpus relief based on an argument that state courts are incorrectly applying their own law thus is not a basis for relief." *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). In Mississippi, prisoners have no liberty interest in parole because it is discretionary. *Wansley*, 769 F.3d at 312; *Smith v. Miss. Parole Bd.*, 478 F. App'x 97, 98–99 (5th Cir. 2012). For this reason, Carroll's challenge to his right to early release on parole fails to state a claim for habeas relief.

To the extent Carroll alleges that the MDOC improperly calculated his release date, Carroll failed to exhaust his state remedies. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that," *inter alia*, "the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Accordingly, "[a]pplicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting relief." *Gilpatrick v. Winkle*, No. 3:13-CV-259, 2014 WL 347732, at *2 (S.D. Miss. Jan. 31, 2014) (citing *Parr v. Quarterman*, 472 F.3d 245, 252 (5th Cir. 2006)). "To satisfy the exhaustion requirement of § 2254(b)(1), a 'habeas petition must have fairly presented the substance of his claim to the state courts.'" *Davidson v. King*, No. 3:15-CV-587, 2016 WL 8737395, at *2 (S.D. Miss. Feb. 26, 2016) (quoting *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005)).

The Court in *Gilpatrick* was presented with a similar issue as the one here. The petitioner was convicted of three counts of driving under the influence of alcohol and negligently causing mutilation; he was sentenced to serve concurrent 25-year terms on each count. *Gilpatrick*, 2014 WL 347732, at *2. In his habeas petition, the petitioner was not challenging his underlying convictions, but rather the loss of 30 days of earned time credit. *Id.* The petitioner completed the process of challenging his claim in the MDOC's administrative remedy program ("ARP"). *Id.* However, he then "defaulted on his opportunity to appeal denial of his claim in state court," thus failing to present his claim to the state's highest court. *Id.* Therefore, the Court dismissed his petition for failing to exhaust available state remedies. *Id.* at *3.

Here, Carroll submitted his claim to the ARP in November 2023. Doc. [12-14] at 4, 8–10. The ARP notified Carroll that his claim was accepted but placed on the backlog. *Id.* at 3, 7. In October 2024, Carroll's claim was assigned and forwarded to the MDOC Records Acting Director.

3

*Id.* at 1–2, 5. But as of the filing of the Motion to Dismiss, Respondent represented that the ARP matter was still pending. Doc. [12] at 28–29. Carroll does not dispute this. And there is nothing in the record to indicate that Carroll appealed the ARP matter to the state's highest court. As such, the Court finds Carroll has failed to exhaust his state remedies. Accordingly, Carroll's petition should be dismissed without prejudice.[2]

## RECOMMENDATION

The undersigned recommends that Respondent's Motion to Dismiss be GRANTED and that Petitioner Wiley Zachary Carroll's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus be DENIED and DISMISSED without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being

---

[2] Although the ARP matter is still pending, the Court notes that Carroll's claim appears to be without merit. Based on Carroll's argument articulated in his "Motion for Declaratory Judgment/Order," the Court understands the source of his confusion. Doc. [7-1] at 6. It appears Carroll believes he should have received credit for "any time served," including time served prior to the burglary of a dwelling charge while he was incarcerated for the felony DUI. But that is not what the state court's order says. Instead, Carroll "receive[d] credit for any time served *on the burglary of a dwelling charge*." Doc. [1-3]; [7-4]; [12-5] (emphasis added).

4

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the District Court and for which there is no written objection. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 30th day of June 2025.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE