UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILEY ZACHARY CARROLL                                      PETITIONER

V.                                            CIVIL ACTION NO. 3:24-CV-184-KHJ-RPM

SUPERINTENDENT JOHN HUNT                             RESPONDENT

ORDER

Before the Court is the [14] Report and Recommendation ("Report") of United States Magistrate Judge Robert P. Myers, Jr. The [14] Report recommends granting Respondent Superintendent John Hunt's ("Hunt") [12] Motion to Dismiss and denying and dismissing pro se Petitioner Wiley Zachary Carroll's ("Carroll") [7] Amended Petition for Writ of Habeas Corpus. [14] at 4.[1] Written objections to the [14] Report were due by July 14, 2025. *Id.* The [14] Report notified the parties that failure to file written objections by that date would bar further appeal in accordance with 28 U.S.C. § 636. *Id.* at 4–5. No party objected to the [14] Report, and the time to do so has passed.

The Court must review de novo a magistrate judge's report only when a party objects to the report within 14 days after being served with a copy. 28 U.S.C. § 636(b)(1). When no party timely objects to the report, the Court applies "the 'clearly erroneous, abuse of discretion and contrary to law' standard of review." *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The

---

[1] The Court proceeds under the operative [7] Petition.

Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

Carroll is an inmate at the Central Mississippi Correctional Facility. MDOC Inmate Time Sheet [1-4]; [14] at 1. In 2021, he was sentenced to five years after he pleaded guilty to felony DUI. [14] at 2. In 2023, he was sentenced to six years to serve after he pleaded guilty as a habitual offender to burglary of a dwelling. *Id.* Carroll received credit for time served on the burglary charge, and his sentence for burglary was to run concurrent with his sentence for his DUI. *Id.*

In April 2024, Carroll filed a [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, and approximately two months later, he amended it. *See* [7]. In his [7] Petition, Carroll claims that the Mississippi Department of Corrections ("MDOC") improperly calculated his release date. *See id.* And he requests that the Court correct this error. *Id.* at 15. Hunt later filed a [12] Motion to Dismiss, arguing Carroll's [1, 7] Petitions should be dismissed for failure to state a claim and failure to exhaust state remedies. [12] at 3.

As noted in the [14] Report, this is not the first time Carroll has raised this issue. [14] at 2. In *Carroll v. Mississippi*, he challenged his right to release on parole, and he alleged that MDOC improperly calculated his release date. Nos. 3:22-CV-73, 3:22-CV-149, 2023 WL 2145517, at *2 (N.D. Miss. Feb. 21, 2023). There, the Court dismissed Carroll's Petition because he failed to state claim for relief, and he failed to exhaust state remedies. *Id.* at *8.

The same results here. Carroll has no constitutional or inherent right to be released before the expiration of his sentence. [14] at 2 (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). And in Mississippi, parole is discretionary. *Id.* (first citing *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014); and then citing *Smith v. Miss. Parole Bd.*, 478 F. App'x 97, 98–99 (5th Cir. 2012) (per curiam)). Further, Carroll did not exhaust his state remedies; he did not appeal this matter to the state's highest court. *Id.* at 3–4 (citing *Davidson v. King*, No. 3:15-CV-587, 2016 WL 8737395, at *2 (S.D. Miss. Feb. 26, 2016)). For these reasons, the Court adopts the [14] Report as its opinion, grants Hunt's [12] Motion to Dismiss, and denies and dismisses without prejudice Carroll's [1, 7] Petitions.

Finding the [14] Report neither clearly erroneous nor contrary to law, the Court ADOPTS the [14] Report as its opinion and DISMISSES this case without prejudice. In doing so, the Court has considered all arguments raised. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 18th day of July, 2025.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE